UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELVIN MILLER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV1959 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Kelvin Miller's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 1), filed on October 15, 2010. This motion is fully briefed and ready for disposition.

**BACKGROUND**

On March 1, 2007, Movant Kelvin Miller ("Movant") was charged in a one-count indictment with possession of a firearm that affected interstate commerce after having been convicted of felonies, in violation of 18 U.S.C. § 922(g)(1). (Indictment (4:07CR145 DJS, ECF No. 1)). Movant was arraigned on April 19, 2007, and entered a plea of not guilty. (Minute Entry for Arraignment (4:07CR145 DJS, ECF No. 7)).

On May 11, 2007, an evidentiary hearing was held before Magistrate Judge Thomas C. Mummert concerning motions to suppress filed by Movant. (Minute Entry for Proceedings (4:07CR145 DJS, ECF No. 15)). Judge Mummert issued his Report and Recommendation on the suppression issues on May 14, 2007, and Judge Mummert recommended denying Movant's pre-trial motions. (Report and Recommendation (4:07CR145 DJS, ECF No. 17)). Movant filed Objections to the Report and Recommendation on May 25, 2007. (Defendant's Objections to Report and

Recommendation of United States Magistrate Judge (4:07CR145 DJS, ECF No. 19)). On May 29, 2007, District Judge Donald J. Stohr, before whom this case was pending for trial, adopted the Magistrate Judge's Report and Recommendation. (Order (4:07CR145 DJS, ECF No. 20)).

Following a three-day trial that began on January 22, 2008, the jury returned a guilty verdict on Count I of the indictment. (Jury Verdict (4:07CR145 DJS, ECF No. 74)). On November 14, 2008, the district court sentenced Movant to a 96-month term of imprisonment with the Bureau of Prisons, to be followed by a two-year term of Supervised Release. (Judgment (4:07CR145 DJS, ECF No. 105)).

Movant appealed his conviction on November 25, 2008, on the following grounds: 1) insufficient evidence to support his conviction, 2) the district court's improper application of sentence enhancement under §§ 3C1.1 and 3C2.2 of the United States Sentencing Guidelines, 3) the district court's improper denial of his motion for downward departure or variance, and 4) the district court's failure to adequately consider the 18 U.S.C. § 3553(a) factors. (Notice of Appeal (4:07CR145 DJS, ECF No. 108); Opinion of the Eighth Circuit Court of Appeals ("Opinion") (4:07CR145 DJS, ECF No. 124), p. 1). The Eighth Circuit Court of Appeals affirmed Movant's conviction and sentence on December 7, 2009. (Opinion, p. 1). The mandate of the Eighth Circuit issued on February 19, 2010. (Mandate (4:07CR145 DJS, ECF No. 127)). Movant filed an application for a writ of certiorari with the United States Supreme Court on May 10, 2010, which was denied on June 24, 2010. (Letter re: Writ of Certiorari (4:07CR145 DJS, ECF No. 128); Letter re: Writ of Certiorari (4:07CR145 DJS, ECF No. 129)).

In his § 2255 Motion, Movant raises the following six grounds for relief:

(1)   Movant's trial counsel was ineffective by failing to timely object to inadmissible hearsay evidence;

    (2)    Movant's trial counsel was effective by failing to request cautionary or limiting jury instructions regarding the introduction at trial of Movant's prior convictions;

    (3)    Movant's trial counsel was ineffective by failing to submit the question of racial prejudice to the jury during voir dire;

    (4)    Movant's trial counsel was ineffective by failing to request a "mere presence" jury instruction;

    (5)    Movant's trial counsel was ineffective by failing to object to an erroneous jury instruction regarding the element of intent; and

    (6)    Movant's appellate counsel was ineffective by failing to raise the issue of Movant's Batson challenge on direct appeal.

(§ 2255 Motion, p. 4).

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994) (quoting Hill v. United States, 368 U.S. 424, 477 n.10 (1962)).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus,

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 354 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

- 3 -

a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [movant] to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw, 24 F.3d at 1043 (internal quotations and citation omitted).

I.      **Ineffective Assistance of Trial Counsel**

Although Movant's claims of ineffective assistance of trial counsel were not raised on direct appeal, they are not subject to procedural default because they could not have been raised on direct appeal. An ineffective assistance of trial counsel claim "is usually not cognizable on direct appeal 'because facts outside the record generally need to be developed to resolve the claim.'" United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (quoting United States v. Hawkins, 78 F.3d 348, 351 (8th Cir. 1996)). Thus, it is well-settled that an ineffective assistance of counsel claim is not cognizable on direct appeal if the issue has not been previously examined by the trial court. See, e.g., Jones, 121 F.3d at 370 (citing United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980)); United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1989) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals. . . . Here, however, since the record was fully developed at a post-trial hearing, we will consider the argument."); United States v. Long, 857 F.2d 436, 448 (8th Cir. 1988) (Bowman, J., concurring) ("It is both inappropriate and unwise for an appellate court to consider on appeal issues that the trial court has not had an opportunity to consider and with respect to which a record has not been developed."). Because this Court did not examine Movant's ineffective assistance of trial counsel claims in any trial or post-trial proceeding, the claims were not cognizable on direct appeal. Therefore, Movant's ineffective assistance of trial counsel claims are not procedurally barred and may be decided by the Court in this § 2255 motion.

- 4 -

In order to prevail on an ineffective assistance of counsel claim, Movant must show that his attorney's performance was "deficient" and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. The Court is not required to "address both components of the inquiry if [Movant] makes an insufficient showing on one [component]." Id. at 697.

**A.      Ground 1**

In Ground 1 of his § 2255 Motion, Movant asserts his trial counsel was ineffective by failing to timely object to inadmissible hearsay evidence. At trial, Officer Thomas Kitchell and Officer Anthony Lachenicht testified that, after Movant fled on foot from the officers and was subsequently apprehended, Movant told Detective Leo Liston where he had tossed the firearm that was the basis of the charge against Movant. Movant argues his trial counsel was ineffective for failing timely to object to this "damaging evidence."

Upon consideration, the Court finds that Movant's claims fail both prongs of the Strickland test. Federal Rule of Evidence 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted." With respect to the first prong, the Court notes that the firearm was subsequently found in the yard where Detective Liston indicated Movant said he had tossed it. The testimony of Officers Kitchell and Lachenicht regarding Movant's statements served to explain how the firearm was located, not prove that Movant did, in fact, toss the firearm in the yard. Therefore, the officers' testimony was not hearsay, and any objection made by Movant's trial counsel to their testimony would have been futile. Movant's trial counsel cannot be held constitutionally deficient for failing to raise a futile objection. Based on this evidence, the Court finds that trial counsel's failure to object to this testimony fell within the "wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, and so Movant fails to demonstrate that his trial counsel's performance was deficient.

Even if the Court were to assume that Movant's trial counsel was ineffective, Movant's claims nevertheless fail under the second prong of the Strickland test. Movant cannot establish that the outcome of his trial would have been different had his trial counsel made a futile objection. Furthermore, even if Movant's trial counsel had successfully kept out the officers' testimony, two police officers testified at Movant's trial that they saw him holding a firearm during their pursuit of him, a civilian witness testified that Movant came into the witness's home during that pursuit, and Officer Kitchell testified that he found a firearm in a yard close to the civilian witness's home. Given the overwhelming evidence of Movant's guilt, Movant cannot establish that the outcome of his trial would have been any different in the absence of the officers' reference to Movant's statement to Detective Liston. Movant therefore suffered no prejudice from his trial counsel's alleged error, and his claims of ineffective assistance of counsel in Ground 1 will be denied.

### B.    Ground 2

In Ground 2 of his § 2255 Motion, Movant asserts his trial counsel was ineffective by failing to request cautionary or limiting jury instructions regarding the introduction at trial of Movant's prior

convictions. Pursuant to Old Chief v. United States, 519 U.S. 172 (1977), Movant signed a stipulation with respect to his three prior convictions. During the Government's cross-examination of Movant at trial, however, the Government elicited testimony from Movant concerning the nature of these prior convictions. Movant argues his trial counsel was ineffective for failing to request a jury instruction informing the jury that they could only use evidence of his prior convictions for purposes of determining whether the Government met its burden of proof.

Upon consideration, the Court finds it need not consider the second prong of Strickland test, as Movant has failed to show that his trial counsel's performance was deficient. As an initial matter, the Government was permitted to inquire as to Movant's prior convictions despite the admission of the Old Chief stipulation. Movant decided to testify at trial, and a criminal defendant who testifies at trial may be impeached by evidence of prior criminal convictions. See FED. R. EVID. 609(a). To show whether trial counsel's representation fell below an objective standard of reasonableness, Movant must overcome the presumption that the challenged action may not be considered "sound trial strategy." Strickland, 466 U.S. at 689. Trial counsel's decision not to seek a limiting instruction can be sound trial strategy as it may be to a defendant's benefit not to remind the jury of their prior crimes. Jones v. U.S., No. 4:08CV256, 2009 WL 2170100, at *5 (E.D. Mo. July 20, 2009). Based on this evidence, the Court finds that trial counsel's failure to request a limiting jury instruction on the issue of Movant's prior convictions fell within the "wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, and so Movant fails to demonstrate that his trial counsel's performance was deficient. Ground 2 will be denied.

**C.     Ground 3**

In Ground 3 of his § 2255 Motion, Movant asserts his trial counsel was ineffective by failing to submit the question of racial prejudice to the jury during voir dire. Movant argues he was tried

by an all-white jury and that he was denied a fair trial because trial counsel failed to inquire as to the jurors' potential racial prejudice.

Upon consideration, the Court finds that Movant's claims fail both prongs of the Strickland test. Constitutional parameters govern the questioning of prospective jurors about racial or ethnic bias. Rosales–Lopez v. United States, 451 U.S. 182, 189 (1981) (plurality). Still, a trial court's failure to inquire as to prospective jurors' ethnic or racial prejudices is constitutionally infirm only if ethnic or racial issues are inextricably intertwined with conduct of the trial, or if the circumstances in the case suggest a significant likelihood that racial prejudice might infect the defendant's trial. U.S. v. Borders, 270 F.3d 1180, 1182 (8th Cir. 2001).

> Only when there are such "substantial indications of the likelihood of racial or ethnic prejudice affecting the jurors in a particular case does the trial court's denial of a defendant's request to examine the jurors' ability to deal impartially with this subject amount to an unconstitutional abuse of discretion." ... The Court has determined that where substantial indications of prejudice are lacking--and constitutional concerns are therefore not implicated--it is still best to allow defendants to decide whether they want an inquiry into racial or ethnic prejudice in order to avoid the appearance of injustice.

Id. (quoting Rosales–Lopez, 451 U.S. at 190-91).

Again, Movant must overcome the presumption that the challenged action may not be considered "sound trial strategy." Strickland, 466 U.S. at 689. Movant has not shown that racial issues were "inextricably intertwined" with the charge against him so as to indicate racial prejudice might "infect" his trial. Accordingly, Movant has not shown that trial counsel's decision not to inquire into racial prejudice was not part of a sound trial strategy. Based on this evidence, the Court finds that trial counsel's failure to question the jury concerning racial prejudice fell within the "wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, and so Movant fails to demonstrate that his trial counsel's performance was deficient.

Even if the Court were to assume that Movant's trial counsel was ineffective, Movant's claims nevertheless fail under the second prong of the Strickland test. Given the overwhelming evidence against him, Movant cannot establish that the outcome of his trial would have been different had his trial counsel questioned the jury as to racial prejudice during voir dire. Movant therefore suffered no prejudice from his trial counsel's alleged error, and his claims of ineffective assistance of counsel in Ground 3 will be denied.

**D.     Ground 4**

In Ground 4 of his § 2255 Motion, Movant asserts his trial counsel was ineffective by failing to request a "mere presence" jury instruction. Movant argues the evidence introduced at trial warranted this instruction, and that trial counsel was ineffective by failing to request it.

Upon consideration, the Court finds it need not consider the second prong of Strickland test, as Movant has failed to show that his trial counsel's performance was deficient. The evidence introduced at trial was that one police officer saw Movant run out of a moving vehicle while holding a firearm, and that a second police officer also saw Movant running while holding a firearm. Based on this evidence, a "mere presence" jury instruction was inappropriate, and trial counsel was not ineffective for failing to request it. Ground 4 will be denied.

**E.     Ground 5**

In Ground 5 of his § 2255 Motion, Movant asserts his trial counsel was ineffective by failing to object to an erroneous jury instruction regarding the element of intent. The instruction at issue stated as follows:

> Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge or intent. You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

- 9 -

(Jury Instructions (4:07CR145 DJS, ECF No. 71, p. 17)). Movant challenges the last sentence of the instruction, alleging it improperly shifted the burden of proof on the issue of intent.

Upon consideration, the Court finds it need not consider the second prong of Strickland test, as Movant has failed to show that his trial counsel's performance was deficient. Under Eighth Circuit law, the instruction at issue was permissible, and any objection to the instruction would have been overruled. See United States v. Martin, 772 F.2d 1442, 1445-46 (8th Cir. 1985); United States v. Hawley, 619 F.3d 886, 896 (8th Cir. 2010). Again, Movant's trial counsel cannot be held constitutionally deficient for failing to raise a futile objection, and Ground 5 must be denied.

## II.     Ineffective Assistance of Appellate Counsel

The Strickland test applies to an ineffective assistance of counsel claim "whether we are examining the performance of counsel at the trial or appellate level." Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001). Thus, the two-prong Strickland analysis also applies to Movant's claim that his appellate counsel was ineffective.

### A.     Ground 6

In Ground 6 of his § 2255 Motion, Movant asserts his appellate counsel was ineffective by failing to raise the issue of Movant's Batson challenge on direct appeal. In Batson v. Kentucky, 476 U.S. 79 (1986), the Supreme Court held that the Equal Protection Clause guarantees that the government will not exclude members of the defendant's race from the jury on account of race and that such conduct also discriminates against the excluded juror. To succeed on this claim, Movant must show that if appellate counsel had raised the Batson claim on direct appeal, there would have been a reasonable probability that it would have succeeded. See Bond v. United States, 77 F.3d 1009, 1014 (7th Cir.), cert. denied, 519 U.S. 909, 117 S.Ct. 270, 136 L.Ed.2d 194 (1996).

An analysis of peremptory challenges under Batson is a three-step process:

> First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination.

Hernandez v. New York, 500 U.S. 352, 358–59 (1991).

Movant's trial counsel objected under Batson after the Government used two peremptory strikes to eliminate two African-Americans (Jurors Number 2 and 23) from the jury. These strikes eliminated the remaining two African-Americans from the jury. The Government responded that the two peremptory strikes were used because both jurors admitted they had knowledge of the four-block area where the events giving rise to the charges against Movant occurred, and the Government wanted to eliminate the possibility that jurors would bring their own preconceptions of the area to the case. The Government identified four jurors that it wanted to strike due to their familiarity with the area: Jurors Number 2, 11, 13, and 23.[2] The Government only had three peremptory strikes remaining. The Government chose not to strike Juror Number 13 because Movant's trial counsel had previously proposed striking Juror Number 13 for cause, and the Government suspected Movant's trial counsel would probably use a peremptory strike to remove Juror Number 13 from the jury. The Government indicated it had other reasons for choosing to strike Jurors Number 2 and 23 but indicated their familiarity with the area was the "primary reason." The Court found that the Government had presented legitimate reasons for striking Jurors 2 and 23, and the Court overruled Movant's trial counsel's objections to the jury panel.

Upon consideration, the Court finds that Movant's claims fail both prongs of the Strickland test. With respect to the first prong, the Court notes that the Government presented a sufficient race-

---

[2] Jurors 11 and 13 were Caucasian.

neutral reason for striking Jurors Number 2 and 23.  Thus, Movant's Batson challenge lacked merit, and Movant's appellate counsel cannot be held constitutionally deficient for failing to raise a futile objection on appeal.  Based on this evidence, the Court finds that appellate counsel's failure to raise the Batson challenge on appeal fell within the "wide range of reasonable professional assistance," Strickland, 466 U.S. at 689, and so Movant fails to demonstrate that his appellate counsel's performance was deficient.

Even if the Court were to assume that Movant's appellate counsel was ineffective, Movant's claim nevertheless fails under the second prong of the Strickland test.  Movant cannot establish that if appellate counsel had raised the Batson claim on direct appeal, there was a reasonable probability that it would have succeeded.  Because Movant's Batson challenge lacks merit, there can be no prejudice from Movant's appellate counsel's failure to raise that issue on appeal.  See U.S. v. Martinez, No. , 2002 WL 737504, at *4 (D. Neb. Apr. 26, 2002).  Ground 6 must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is **DENIED**, and Movant's claims are **DISMISSED** with prejudice.  An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 24th day of July, 2013.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE